**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CLARE HARRIGAN, | ) |
| | ) |
|    *Pro Se* Plaintiff, | ) |
| | ) Case No. 1:15-cv-00511-APM |
|    v. | ) |
| | ) |
| JENNY R. YANG, in her official capacity as | ) |
| Chair of the United States Equal Employment | ) |
| Opportunity Commission, *et al.*, | ) |
| | ) |
|    Defendants. | ) |
| _____ | ) |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

I.  THE CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT
    MATTER JURISDICTION ................................................................................................... 2

    A.  Title VII Precludes APA Review of Ms. Harrigan's Claims ................................... 2

    B.  Even if Title VII Did Not Preclude APA Review, the Court Would Still
        Lack Jurisdiction Over Counts Two and Three ........................................................ 4

        1.  The Court Lacks Jurisdiction Over Count Two ........................................... 4

        2.  Ms. Harrigan's Claimed Injury in Count Three Is Speculative ................... 7

II. MS. HARRIGAN HAS NO CAUSE OF ACTION TO CHALLENGE THE
    MANNER IN WHICH THE EEOC HAS PROCESSED HER
    ADMINISTRATIVE APPEALS .......................................................................................... 8

CONCLUSION ................................................................................................................................. 10

## TABLE OF AUTHORITIES

**CASES**

*Al-Zahrani v. Rodriguez*,
   669 F.3d 315 (D.C. Cir. 2012) ............................................................................................... 3

*Am. Freedom Law Ctr. v. Obama*,
   --- F. Supp. 3d ---, 2015 WL 2328725 (D.D.C. May 15, 2015) ............................................. 7

*\*Aviles-Wynkoop v. Neal*,
   978 F. Supp. 2d 15 (D.D.C. 2013) ............................................................................... 1, 2, 3, 4

*Bagenstose v. Dist. of Columbia*,
   973 F. Supp. 2d 247 (D.D.C. 2007) ..................................................................................... 8, 9

*Borg-Warner Protective Servs. v. EEOC*,
   81 F. Supp. 2d 20 (D.D.C. 2000) ............................................................................................ 8

*\*Brown v. GSA*,
   425 U.S. 820 (1976) ..................................................................................................... 1, 2, 3, 4

*Cleghorn v. Herrington*,
   813 F.2d 992 (9th Cir. 1987) .................................................................................................. 2

*Cobell v. Norton*,
   392 F.3d 461 (D.C. Cir. 2004) ................................................................................................ 6

*Consol. Edison Co. of N.Y. v. Ashcroft*,
   286 F.3d 600 (D.C. Cir. 2002) ................................................................................................ 5

*Davis v. United States*,
   973 F. Supp. 2d 23 (D.D.C. 2014) .......................................................................................... 2

*\*Garcia v. Vilsack*,
   563 F.3d 519 (D.C. Cir. 2009) ........................................................................................... 9, 10

*Glapion v. Castro*,
   --- F. Supp. 3d ---, 2015 WL 507006 (D. Colo. Feb. 4, 2015) ................................................ 2

*\*Heckler v. Chaney*,
   470 U.S. 821 (1985) ................................................................................................................ 6

*\*Hinck v. United States*,
   550 U.S. 501 (2007) ............................................................................................................ 3, 4

*Howard v. Pritzker*,
  775 F.3d 430 (D.C. Cir. 2015) .................................................................................... 1, 4

*Jordan v. Summers*,
  205 F.3d 337 (7th Cir. 2000) .......................................................................................... 8

*Keeley v. Small*,
  391 F. Supp. 2d 30 (D.D.C. 2005) ................................................................................. 9

*Mach Mining LLC v. EEOC*,
  135 S. Ct. 1645 (2015) ................................................................................................... 6

*Nat'l Family Planning & Reproductive Health Ass'n v. Gonzales*,
  468 F.3d 826 (D.C. Cir. 2006) ....................................................................................... 4

*Nichols v. Agency for Int'l Dev.*,
  18 F. Supp. 2d 1 (D.D.C. 1998) ..................................................................................... 2

*NLRB v. Express Pub. Co.*,
  312 U.S. 426 (1941) ....................................................................................................... 6

*NLRB v. U.S. Postal Serv.*,
  486 F.3d 683 (10th Cir. 2007) ....................................................................................... 6

*\*Norton v. S. Utah Wilderness Alliance*,
  542 U.S. 55 (2004) ..................................................................................................... 5, 6

*Rodriguez v. Donovan*,
  922 F. Supp. 2d 11 (D.D.C. 2013) ................................................................................. 5

*Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*,
  490 U.S. 477 (1989) ....................................................................................................... 7

*Royster-Clark Agribusiness, Inc. v. Johnson*,
  391 F. Supp. 2d 21 (D.D.C. 2005) ................................................................................. 8

*Sierra Club v. Jackson*,
  648 F.3d 848 (D.C. Cir. 2011) ....................................................................................... 5

*\*Smith v. Casellas*,
  119 F.3d 33 (D.C. Cir. 1997) ..................................................................................... 1, 8

*Storey v. Rubin*,
  976 F. Supp. 1478 (N.D. Ga. 1997) ............................................................................... 8

*Swan v. Clinton*,
  100 F.3d 973 (D.C. Cir. 1996) .................................................................................................. 6

*Wilson v. C.I.R.*,
  705 F.3d 980 (9th Cir. 2013) ................................................................................................... 4

**STATUTES**

5 U.S.C. § 704 ................................................................................................................................ 9

5 U.S.C. § 706 ........................................................................................................................... 5, 6

42 U.S.C. § 2000e-16 .................................................................................................................... 8

**RULES**

Fed. R. Civ. P. 12 .......................................................................................................................... 2

**REGULATIONS**

29 C.F.R. § 1614.503 ................................................................................................................ 5, 6

**INTRODUCTION**

Plaintiff Clare Harrigan files this suit under the Administrative Procedure Act ("APA") against Defendants Jenny R. Yang and the U.S. Equal Employment Opportunity Commission (collectively, "EEOC"), alleging that the EEOC has improperly processed a series of appeals arising from discrimination complaints she filed with the U.S. Department of Housing and Urban Development ("HUD"), her former employer.  The EEOC moved to dismiss this case with prejudice, arguing primarily that "the APA does not waive sovereign immunity for . . . employment discrimination claim[s]," *e.g.*, *Aviles-Wynkoop v. Neal*, 978 F. Supp. 2d 15, 20 (D.D.C. 2013); *see* Defs.' Mem. of P. & A. in Supp. of their Mot. to Dismiss ("Defs.' Mot. to Dismiss") (ECF No. 4) at 9-11, and that "no cause of action against the EEOC exists for challenges to its processing of a claim," *e.g.*, *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam); *see* Defs.' Mot. to Dismiss at 19-22.

Ms. Harrigan's opposition brief does not seriously dispute these arguments.  Pl.'s Revised Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") (ECF No. 11).  Rather, her opposition focuses largely on the importance of a discrimination-free federal workplace, while scarcely acknowledging that the "'exclusive and pre-emptive' means for federal employees to seek redress for unlawful employment discrimination" in federal courts is to file suit against the employing agency, alleging discrimination by the employing agency, under Title VII.  *Howard v. Pritzker*, 775 F.3d 430, 433 (D.C. Cir. 2015) (quoting *Brown v. GSA*, 425 U.S. 820, 829 (1976)).  In other words, APA suits against the EEOC concerning the manner in which it processes appeals play no role in the system Congress has put in place to protect federal employees from workplace discrimination.  *See, e.g.*, *Smith*, 119 F.3d at 34.  For these reasons, for the reasons stated in the EEOC's opening brief, and for the reasons that follow, the Court

should dismiss this case with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ARGUMENT

I.     THE CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

    A.     Title VII Precludes APA Review of Ms. Harrigan's Claims.

In its opening brief, the EEOC identified numerous cases, including three cases from this Court, holding that plaintiffs may not evade the "the numerous procedural and substantive requirements of Title VII" by "us[ing] the APA to assert what is in effect a Title VII claim." *Cleghorn v. Herrington*, 813 F.2d 992, 995 (9th Cir. 1987); *see Glapion v. Castro*, --- F. Supp. 3d ---, 2015 WL 507006, at *3 (D. Colo. Feb. 4, 2015); *Davis v. United States*, 973 F. Supp. 2d 23, 30 (D.D.C. 2014); *Aviles-Wynkoop*, 978 F. Supp. 2d at 20; *Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 3 (D.D.C. 1998); *see generally* Defs.' Mot. to Dismiss at 9-11.  In response, Ms. Harrigan argues chiefly that the APA creates a presumption in favor of judicial review. *E.g.*, Pl.'s Opp'n at 5-6.  This is true, of course, but irrelevant insofar as the Supreme Court in *Brown v. GSA* conducted a detailed review of the statutory scheme at issue here, 425 U.S. at 824-25 ("The primary question in this litigation is not difficult to state: Is s 717 of the Civil Rights Act of 1964 . . . the exclusive individual remedy available to a federal employee complaining of job-related racial discrimination?"); *see id.* at 825-33 (examining background, text, structure, and legislative history of Title VII), and determined that such review "le[d] unerringly to the conclusion that [Title VII] provides the exclusive judicial remedy for claims of discrimination in federal employment," *id.* at 835.  Ms. Harrigan, exploring at length her view of Title VII's legislative history, Pl.'s Opp'n at 7-16, invites this Court to retrace *Brown*'s steps, and revisit *Brown*'s conclusions.  The Court should decline her invitation to ignore this binding precedent.

2

Ms. Harrigan's attempts to distinguish the relevant precedent do not succeed. *See, e.g.*, *id.* at 17 ("The precedent in those cases is not relevant, because the plaintiff has not brought an employment discrimination action against her federal agency employer. . . . The precedent in those cases is not relevant, because the plaintiff is not employed in the private sector and she does not allege a faulty investigation by the EEOC."). The case law does not turn on whether the defendant agency employed the plaintiff; whether the plaintiff worked in the public or private sector; or whether it was an administrative *investigation* or an administrative *appeal* being challenged (and Ms. Harrigan cites no cases to that effect). Indeed, Ms. Harrigan does not cite to a single case in her lengthy opposition that would support the proposition that she may challenge under the APA the EEOC's handling of her administrative claims. The issue, rather, is that the only judicial remedy available to a federal employee claiming employment discrimination is suit (against the employer) under Title VII. *E.g.*, *Brown*, 425 U.S. at 835. Put more simply, Title VII "forbids injunctive relief except on its own terms." *Aviles-Wynkoop*, 978 F. Supp. 2d at 20.

Ms. Harrigan also argues that Title VII's "judicial remedy" (here, a discrimination suit against HUD) is "not a substitute" for an "impartial administrative adjudication," and that the APA therefore gives this Court jurisdiction to consider the manner in which the EEOC has processed her administrative appeals. Pl.'s Opp'n at 18. This argument would turn the law on its head, as "[n]ot every violation of a right yields a remedy," *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 320 (D.C. Cir. 2012) (citation and quotation marks omitted), and "when Congress enacts a specific remedy when no remedy was previously recognized, or when previous remedies were 'problematic,' the remedy provided is generally regarded as exclusive," *Hinck v. United States*, 550 U.S. 501, 506 (2007) (citations omitted).

The APA is simply not a "gap-fill[er]." *Wilson v. C.I.R.*, 705 F.3d 980, 990 (9th Cir. 2013). Indeed, the Supreme Court made this very point in *Brown* when it explained that it would "require the suspension of disbelief to ascribe to Congress the design to allow [Title VII's] careful and thorough remedial scheme to be circumvented by artful pleading." 425 U.S. at 833; *see Hinck*, 550 U.S. at 507-08 (counseling against "disaggregating a statute Congress plainly envisioned as a package deal"). Because Title VII provides the exclusive judicial remedy for employment discrimination claims, *e.g.*, *Howard*, 775 F.3d at 433, the APA does not provide this Court with jurisdiction over Ms. Harrigan's claims, *e.g.*, *Aviles-Wynkoop*, 978 F. Supp. 2d at 20.

### B.  Even if Title VII Did Not Preclude APA Review, the Court Would Still Lack Jurisdiction Over Counts Two and Three.

In its opening brief, the EEOC identified additional jurisdictional defects counseling dismissal of Counts Two and Three of the Complaint. Ms. Harrigan's opposition brief fails to explain why these jurisdictional defects do not require dismissal of these claims.

#### 1.  *The Court Lacks Jurisdiction Over Count Two.*

With Count Two of the Complaint, Ms. Harrigan asks the Court to enjoin the forthcoming hearing on her 2007 administrative complaint. Compl. for Mandamus, Declaratory and Injunctive Relief ("Compl.") (ECF No. 1) ¶¶ 19(a), (c), 115-25. The EEOC argued in its opening brief that Ms. Harrigan will not suffer a constitutionally cognizable injury from this hearing because she actually requested the hearing. *See Nat'l Family Planning & Reproductive Health Ass'n v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006) ("We have consistently held that self-inflicted harm doesn't satisfy the basic requirements for standing."); *see generally* Defs.' Mot. to Dismiss at 12-13. Other than asserting generally that she has standing to prosecute all of her claims, Pl.'s Opp'n at 28, Ms. Harrigan does not appear to have addressed this jurisdictional defect in her opposition brief. Accordingly, the EEOC's argument should be treated as

conceded.  *See Rodriguez v. Donovan*, 922 F. Supp. 2d 11, 15 (D.D.C. 2013) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (citation, quotation marks, and alteration omitted)).

Ms. Harrigan also asks the Court to order the EEOC to "follow the non-discretionary procedure for processing petitions to enforce in EEOC regulation 29 C.F.R. § 1614.503."  Pl.'s Opp'n at 19.  The EEOC argued in its opening brief that this regulation does not provide the type of mandatory, ministerial, or plainly prescribed duties that could give rise to jurisdiction under either the Mandamus Act or 5 U.S.C. § 706(1).  *See, e.g.*, *Norton v. S. Utah Wilderness Alliance* ("*SUWA*"), 542 U.S. 55, 64 (2004); *Consol. Edison Co. of N.Y. v. Ashcroft*, 286 F.3d 600, 605 (D.C. Cir. 2002); *see generally* Defs.' Mot. to Dismiss at 13-16.  In response, Ms. Harrigan has noted that the regulation at issue makes use, in places, of the word "shall."  Pl.'s Opp'n at 20-22, 25, 27.  While this is undeniably true, "the use of the mandatory 'shall' is not sufficient to provide legal standards for judicial review."  *Sierra Club v. Jackson*, 648 F.3d 848, 856 (D.C. Cir. 2011); *see* Defs.' Mot. to Dismiss at 16.  The crucial point is that section 1614.503 does not prescribe how the EEOC is to determine whether an agency is in compliance, what the EEOC must do if it determines that an agency is not in compliance, or what the EEOC must do if an agency comes into belated compliance.[1]  The regulation's reference to "satisfactory compliance" further underscores the judgment that is involved in the EEOC's determining whether a federal agency has abided by an EEOC order.  29 C.F.R. § 1614.503(d).  Because the regulation is

---

[1] Contrary to Ms. Harrigan's suggestion, *see, e.g.*, Pl.'s Opp'n at 20, the EEOC's argument does not turn on whether HUD complied with the EEOC's November 2012 order requiring a supplemental investigation.  Determining whether an agency is in compliance with an EEOC order is itself an unreviewable exercise in discretion and judgment.

discretionary, implementing it requires judgment, and it lacks sufficient standards to evaluate compliance, neither the Mandamus Act nor section 706(1) give this Court jurisdiction to compel the EEOC to comply with it.[2]  *See, e.g.*, *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996).

Contrary to Ms. Harrigan's argument, *Mach Mining LLC v. EEOC* does not indicate otherwise.  135 S. Ct. 1645 (2015); *see* Pl.'s Opp'n at 20-22.  *Mach Mining* concluded that a court, in a Title VII case initiated by the EEOC against a private employer, may engage in "limited" review of whether—as a prerequisite to suit—the EEOC "provide[d] the requisite information about the charge or attempt[ed] to engage in a discussion about conciliating the claim."  135 S. Ct. at 1656.  This holding does nothing to upset the rule of law that section 706(1) "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act."  *SUWA*, 542 U.S. at 64 (citation and quotation marks omitted); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." (citations omitted)).  And as explained previously, the EEOC regulation at issue imposes no such ministerial duties.  *SUWA* and *Heckler*

---

[2] Further highlighting the discretionary nature of section 1614.503 is that Ms. Harrigan, rather than identify any purportedly discrete action the EEOC was required to take, simply asks the Court to "[d]irect the EEOC to comply with [the] regulation." Compl. ¶ 19(c); *see id.* at 30 (asking Court to "[e]nter an order directing the EEOC to process the plaintiff's petition for enforcement and sanctions, in accordance with the 29 C.F.R. § 1614.503 procedure").  As numerous courts have recognized, "[i]njunctions that broadly order the enjoined party simply to obey the law . . . are generally impermissible."  *NLRB v. U.S. Postal Serv.*, 486 F.3d 683, 691 (10th Cir. 2007); *see NLRB v. Express Pub. Co.*, 312 U.S. 426, 436 (1941) ("This Court will strike from an injunction decree restraints upon the commission of unlawful acts which are thus dissociated from those which a defendant has committed."); *Cobell v. Norton*, 392 F.3d 461, 475 (D.C. Cir. 2004) ("Under this implementation order defendants would be subject to contempt charges for every legal failing, rather than simply to the civil remedies provided in the APA.").

control, and *Mach Mining* did not overrule those cases *sub silentio*. *Cf. Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

        2.      *Ms. Harrigan's Claimed Injury in Count Three Is Speculative.*

In Count Three of her Complaint, Ms. Harrigan posits that at some point in the future her 2011 administrative complaint will be improperly dismissed by HUD, that she will appeal such dismissal to the EEOC, and that the EEOC will then affirm. *See* Compl. ¶¶ 102, 128. It is undisputed that none of this activity has yet occurred.

The EEOC argued that this count should be dismissed because Ms. Harrigan's claimed injury is speculative. *See, e.g.*, *Am. Freedom Law Ctr. v. Obama*, --- F. Supp. 3d ---, 2015 WL 2328725, at *5 (D.D.C. May 15, 2015) ("The Court of Appeals for the District of Columbia Circuit has made clear that a plaintiff cannot obtain standing merely by hypothesizing a series of events which, if they occurred, would harm [the] plaintiff." (citation and quotation marks omitted)); *see generally* Defs.' Mot. to Dismiss at 17-18. In response, Ms. Harrigan says that the injury is not speculative because she is "very familiar with the way in which [HUD] processes, investigates, and decides her complaints," and that HUD will dismiss her 2011 administrative complaint. Pl.'s Opp'n at 28. She then says that the EEOC will affirm such dismissal because the person who would be responsible for ruling on any appeal "is responsible for the office" that has purportedly "consistently refused to process" her petition for enforcement, and because he "has a serious conflict of interest." *Id.* at 29. This argument proceeds notwithstanding the fact that two of the three appeals at issue in this case were resolved by the EEOC in Ms. Harrigan's

7

favor. *See* Defs.' Mot. to Dismiss at 4, 6. Ms. Harrigan's claimed certitude notwithstanding, her supposition that the EEOC will unlawfully resolve an appeal that she need not file, from a HUD decision that has not yet been made, is the definition of speculative. Accordingly, she lacks standing to pursue this claim.[3]

## II. MS. HARRIGAN HAS NO CAUSE OF ACTION TO CHALLENGE THE MANNER IN WHICH THE EEOC HAS PROCESSED HER ADMINISTRATIVE APPEALS

The EEOC explained in its opening brief that, in addition to the substantial jurisdictional defects concerning her Complaint, this case is further subject to dismissal with prejudice because Ms. Harrigan lacks a cause of action. Defs.' Mot. to Dismiss at 19-22; *see Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) ("[N]o cause of action against the EEOC exists for challenges to its processing of a claim."); *see also, e.g.*, *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) ("Jordan presents no persuasive reason why she, as a federal employee, should be given an implied failure-to-process cause of action under Title VII that has been consistently denied to private plaintiffs."); *Bagenstose v. Dist. of Columbia*, 503 F. Supp. 2d 247, 255 (D.D.C. 2007) ("[A] consistent line of precedent both inside and outside of this circuit confirms that Title VII provides no cause of action for challenges to the procedures used by the EEOC to investigate and process discrimination complaints."); *Storey v. Rubin*, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997) (stating that Title VII nowhere "creates a right or action . . . over a claim by a

---

[3] To the extent Ms. Harrigan argues that this Court has jurisdiction to consider Count Three as challenging *ultra vires* action, *see* Compl. ¶ 17; Pl.'s Opp'n at 25, she is wrong. Her claim appears to be that the EEOC has acted "outside the scope of its authority" by erroneously "adopt[ing] a rule," "issu[ing] guidance," and "issu[ing] appellate decisions." Pl.'s Opp'n at 25-26. The EEOC denies that the actions Ms. Harrigan challenges were erroneous. But even if the EEOC did so err, such error clearly would have been made in the exercise of delegated authority. *See* 42 U.S.C. § 2000e-16(b), (c); *Royster-Clark Agribusiness, Inc. v. Johnson*, 391 F. Supp. 2d 21, 24 (D.D.C. 2005); *Borg-Warner Protective Servs. v. EEOC*, 81 F. Supp. 2d 20, 25 (D.D.C. 2000); *see generally* Defs.' Mot. to Dismiss at 18-19 n.10.

federal employee against the EEOC . . . challenging any aspect of the administrative processes (or any application of that process) by which complaints of discrimination are investigated and resolved."), *aff'd*, 144 F.3d 56 (11th Cir. 1998) (table).  Ms. Harrigan asserts that the cases cited by the EEOC on this point "are distinguishable," but generally chooses not to discuss them.  Pl.'s Opp'n at 31.

In any event, to the extent Ms. Harrigan does offer argument on these points, her arguments fail.  Ms. Harrigan seeks to avoid the plain consequences of the case law cited above by contending that she "does not work in the private sector and, therefore, the Title VII remedy for private sector employees is not available" to her.  *Id.* at 30.  This argument misses the mark.  Though it may be true that she "does not work in the private sector," she is wrong to suggest that private sector employees have remedies under Title VII that are unavailable to her: she can file a suit under Title VII against her employer alleging employment discrimination, just the same as a private employee.  Her observation that she is "not an employee of the EEOC," and therefore that she cannot sue the EEOC for employment discrimination (as could an EEOC employee, under appropriate circumstances), *id.*, likewise misses the mark, as Ms. Harrigan, with a "right to sue" HUD, has "no need to sue the [EEOC] for negligence or malfeasance in the processing of claims," *Bagenstose*, 503 F. Supp. 2d at 255; *see Keeley v. Small*, 391 F. Supp. 2d 30, 45 (D.D.C. 2005) ("Plaintiff's sole remedy for complaints about the administrative investigative process is to bring a de novo action in federal court.").

Finally, Ms. Harrigan's argument that Title VII does not provide an adequate alternative remedy within the meaning of 5 U.S.C. § 704 is incorrect.  Pl.'s Opp'n at 30; *see id.* at 6; *see also* Defs.' Mot. to Dismiss at 11 n.4.  As the D.C. Circuit has held, "the alternative remedy need not provide relief identical to relief under the APA, so long as it offers relief of the same genre."

9

*Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (citation and quotation marks omitted); *see id.* at 525 ("The relevant question under the APA, then, is not whether private lawsuits against the third-party wrongdoer are as effective as an APA lawsuit against the regulating agency, but whether the private suit remedy provided by Congress is adequate."). While Ms. Harrigan asserts that, because she "has no remedy under Title VII, or any other statute, she has a cause of action under the APA," Pl.'s Opp'n at 30, Title VII obviously offers Ms. Harrigan relief of the same genre as she seeks here: the statute allows her to vindicate her right to be free of workplace discrimination by suing HUD for employment discrimination.

Particularly on point is *Garcia v. Vilsack*, in which the D.C. Circuit rejected an APA challenge to the manner in which a federal agency investigated claims of employment discrimination. 563 F.3d at 527. The court explained that "the availability of actions against individuals may be adequate even if such actions cannot redress the systemic lags and lapses by federal monitors and even if such suits directly against the discriminating entities may be more arduous, and less effective in providing systemic relief, than continuing judicial oversight of federal government enforcement." *Id.* at 525 (citation, quotation marks, and alterations omitted). The same can be said here.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the EEOC's opening brief, the Court should dismiss the Complaint with prejudice.

Dated: July 21, 2015                    Respectfully submitted,

                                                       BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

VINCENT H. COHEN, JR.
Acting United States Attorney

JOSHUA E. GARDNER
Assistant Branch Director

/s/ Gregory Dworkowitz_____
GREGORY DWORKOWITZ
Trial Attorney
N.Y. Bar Registration No. 4796041
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Rm. 7107
Washington, DC  20530
Tel.: (202) 305-8576
Fax: (202) 616-8470
Email: gregory.p.dworkowitz@usdoj.gov

Counsel for Defendants

11