**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **Clare Harrigan,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 15-cv-00511 (APM) |
| | ) | |
| **Jenny R. Yang,** | ) | |
| **Chair of the United States Equal Employment** | ) | |
| **Opportunity Commission,** *et al.***,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.     INTRODUCTION

Plaintiff Clare Harrigan is a lawyer who, since 2007, has been administratively litigating claims of discrimination and retaliation against her former employer, the U.S. Department of Housing and Urban Development (HUD). In this lawsuit, Plaintiff does not sue HUD; instead, she has sued Defendant Jenny Yang, in her capacity as the Chairwoman of the Equal Employment Opportunity Commission (EEOC), and the EEOC itself. According to Plaintiff, the EEOC acted unlawfully with respect to its review and processing of her various discrimination complaints against HUD. Asserting claims under the Administrative Procedure Act, the Declaratory Judgment Act, and the Mandamus Act—but not under Title VII—Plaintiff asks this court to grant her injunctive and declaratory relief that would compel the EEOC to take certain actions with regard to her complaints. For the reasons stated below, the court grants Defendants' Motion to Dismiss and dismisses this action in its entirety.

## II.     BACKGROUND

### A.     Factual Background

Plaintiff Clare Harrigan is a lawyer who worked at HUD from 1991 to 2011.  Compl., ECF No. 1, ¶ 24.  The events at issue in this case arose while Plaintiff was a lawyer within HUD's Office of Litigation.  *Id.* ¶ 42.  Because the events underlying Plaintiff's complaints of discrimination are less critical to this case than the processing of those complaints, the court focuses below on the procedural history of each of Plaintiff's three administrative complaints.

#### 1.     *The 2007 Complaint*

On October 18, 2007, Plaintiff filed an equal employment opportunity (EEO) complaint with HUD (the "2007 Complaint"), alleging that the agency had subjected her to a hostile work environment and had discriminated against her on the basis of sex and on the basis of reprisal for engaging in protected EEO activity.  *Id.* ¶ 65; *Harrigan v. Donovan*, No. 0120110905, 2012 WL 5995750, at *1 (E.E.O.C. Nov. 21, 2012).   HUD dismissed the 2007 Complaint, *see* Compl. ¶ 67, concluding that Plaintiff had "failed to prove that the Agency subjected her to discrimination as alleged," *Harrigan*, 2012 WL 5995750, at *3.  On December 1, 2010, Plaintiff appealed that decision to the EEOC.  Compl. ¶ 68.

Nearly two years later, on November 21, 2012, the EEOC vacated HUD's "no discrimination" determination (the "November 2012 Order").  *See Harrigan*, 2012 WL 5995750 at *5-6.  In its Order, the EEOC explained that Plaintiff's complaint asserted 55 claims of discrimination, but HUD's decision dismissing the 2007 Complaint addressed only 18 of those claims.  *Id.* at *5.  The EEOC remanded the matter to HUD to conduct a supplemental investigation with respect to the remaining claims.  *Id.* at *6.

Seven months later, believing that HUD had not complied with the November 2012 Order, Compl. ¶ 81, Plaintiff filed a petition under 29 C.F.R. § 1614.503(a)[1] on June 21, 2013, asking the EEOC to enforce its order (the "Petition for Enforcement"), *id.* ¶ 84. In her Petition for Enforcement, Plaintiff asked the EEOC to enter a default judgment on her 2007 Complaint. *Id.* ¶ 85. Four months later, on October 23, 2013, Plaintiff received a letter from HUD indicating that it had completed its supplemental investigation. Defs.' Mot. to Dismiss, ECF No. 4 [hereinafter Mot. to Dismiss], Ex. A, ECF No. 4-1. One month later, she formally requested a hearing before an EEOC administrative law judge on her 2007 Complaint. *Id.*, Ex. B, ECF No. 4-2.

On February 10, 2014, the EEOC advised Plaintiff that it had "closed compliance without ruling" on her Petition for Enforcement "because the supplementary investigation had been completed and the issues raised remained viable and [would be] more appropriately addressed in the next step of the administrative process." *Id.*, Ex. C, ECF No. 4-3. As to Plaintiff's request for a hearing before the EEOC, the EEOC stated that "[h]earings are not available at the appellate level" but noted that the "issues [Plaintiff] raise[d] in [her] Petition for [E]nforcement can best be raised before the administrative judge (AJ)." *Id.* On January 12, 2015, Plaintiff received a notice that the EEOC had assigned an administrative law judge to adjudicate the 2007 Complaint. Compl. ¶ 100.

2. *The 2010 Complaint*

On June 28, 2010, Plaintiff filed a second administrative complaint with HUD, alleging that the agency had retaliated against her in violation of Title VII for engaging in protected EEO

---

[1] 29 C.F.R. § 1614.503(a) provides: "A complainant may petition the Commission for enforcement of a decision issued under the Commission's appellate jurisdiction." Section 1614.503(b), in turn, provides that, "[o]n behalf of the Commission, the Office of Federal Operations shall take all necessary action to ascertain whether the agency is implementing the decision of the Commission. If the agency is found not to be in compliance with the decision, efforts shall be undertaken to obtain compliance."

3

activity (the "2010 Complaint"). *Id.* ¶¶ 66, 71. HUD found that Plaintiff's discrimination claims were without merit and dismissed the complaint. *Harrigan*, 2012 WL 5995750, at *3. On December 1, 2010, Plaintiff appealed HUD's dismissals of both the 2010 and 2007 Complaints to the EEOC. Compl. ¶ 68.

On November 21, 2012, in the same order that addressed the 2007 Complaint, the EEOC affirmed HUD's dismissal of Plaintiff's 2010 Complaint. Compl. ¶¶ 70, 72; *Harrigan*, 2012 WL 5995750, at *5. The EEOC described the 2010 Complaint as having alleged that HUD discriminated against Plaintiff for making FOIA requests—a characterization that Plaintiff contests. *Harrigan*, 2012 WL 5995750 at *3; Compl. ¶ 73. In affirming HUD's dismissal, the EEOC explained that it "has held that it does not have jurisdiction over the processing of FOIA requests. Instead, persons having a dispute regarding such requests should bring any appeals about the processing of his or her FOIA requests under the appropriate FOIA regulations." *Harrigan*, 2012 WL 5995750, at *5 (citation omitted). The EEOC further held that "FOIA requests are not classified as participation in EEO activity or opposition to discrimination" and, therefore, for that additional reason, HUD's dismissal of Plaintiff's 2010 Complaint was proper. *Id.* (citing EEOC Compliance Manual Section 8, "Retaliation," No. 915.003, at 8-H.B-C (May 20, 1998)).

### 3. *The 2011 Complaint*

While Plaintiff's appeal of HUD's dismissals of the 2007 and 2010 Complaints was pending before the EEOC, Plaintiff filed a third complaint against HUD on June 13, 2011, alleging retaliation in violation of Title VII. Compl. ¶ 69. After the EEOC remanded her 2007 Complaint to HUD for further investigation, Plaintiff amended the 2007 Complaint "to include the issues and claims in her then-pending 2011 Complaint." Compl. ¶ 77. Thus, according to Plaintiff, after that amendment, her 2011 Complaint "ceased to exist as an independent complaint." *Id.* ¶ 78.

Notwithstanding the alleged consolidation of her 2007 and 2011 Complaints, six months later, on August 25, 2013, HUD dismissed Plaintiff's 2011 Complaint.  *Id.* ¶¶ 87-88.  HUD concluded that the claims raised in the 2011 Complaint were the same as those raised in Plaintiff's prior two complaints.  Mot. to Dismiss, Ex. D, ECF No. 4-4, at 3 ("[T]he Agency found that the matter in the instant complaint was simply a reiteration of a matter that had been raised and decided previously by the Commission.").  Plaintiff noticed an appeal.  Compl. ¶ 89.

On January 16, 2015, the EEOC reversed HUD's dismissal of the 2011 Complaint (the "January 2015 Order").  Mot. to Dismiss, Ex. D at 3.  The EEOC concluded that "the instant formal complaint is not *identical*" to either the 2007 or 2010 Complaints.  *Id.* at 4.  It explained that the allegations in the 2011 Complaint were "arguably similar" to the earlier complaints, but the new complaint "concerns a *different time frame* and appears to allege that Complainant is subject to ongoing harassment."  *Id.*  The EEOC remanded the 2011 Complaint to HUD with some limitations.  First, the EEOC noted that any allegations in the 2011 Complaint asserting the improper processing of FOIA requests were not properly part of the EEO process.  *Id.* at 5 n.1.  Second, it stated that any allegations claiming "dissatisfaction" with the prior complaints "must be raised within the underlying complaint, and not as a separate complaint."  *Id.* at 5.

**B.**     **Procedural History**

Plaintiff filed her "Complaint for Mandamus, Declaratory and Injunctive Relief" in this court on April 8, 2015.  Compl. at 1.  Her Complaint advances three "claims."  *Id.* at 26-30.

Count One, labeled "Unlawful Dismissal of the 2010 Complaint for Retaliation," is predicated on the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  *Id.* ¶ 109.  In it, Plaintiff alleges that (1) the EEOC "did not have the authority to dismiss the . . . 2010 Complaint based on EEOC guidance

5

that requires the dismissal of a complaint that mentions compliance with FOIA," *id.* ¶ 114; (2) the EEOC guidance "is not a procedural rule authorized by Title VII," but a "substantive interpretation of the Title VII prohibition on retaliation," *id.* ¶¶ 111-12; and (3) the guidance "is an incorrect interpretation of the Title VII prohibition on retaliation," *id.* ¶ 113. As to Count One, Plaintiff seeks (1) "[a] declaration that the EEOC did not [have] the authority to issue guidance that requires the dismissal of complaints that mention compliance with FOIA" and (2) "an order reinstating the . . . 2010 Complaint." *Id.* at 30, VI.C & VI.D.

Count Two, labeled "Unlawful Failure to Comply With Mandatory Regulation," is premised on the APA and the Mandamus Act, 28 U.S.C. § 1361. *Id.* at 27. Plaintiff contends that, in refusing to consider her Petition for Enforcement of the November 2012 Order, the EEOC violated 29 C.F.R. § 1614.503. *Id.* ¶ 117. As to Count Two, Plaintiff seeks (1) a declaration that the EEOC lacked the authority "to substitute an administrative trial on the plaintiff's discrimination claims for a ruling on the plaintiff's petition for enforcement and sanctions," *id.* at 30, VI.A; (2) an order enjoining the administrative trial on the 2007 Complaint, *id.* at VI.B; (3) an order "directing the EEOC to process" her Petition for Enforcement "in accordance with the 29 C.F.R. § 1614.503 procedure," *id.* at VI.E; and (4) an order "directing the EEOC to follow its guidance on the imposition [of] sanctions against HUD" for failing to comply with the November 2012 Order, *id.* at VI.F.

Count Three, labeled "Unlawful Dismissal of the Former 2011[2] Complaint for Retaliation," relies on the APA and the Declaratory Judgment Act to challenge the EEOC's January 2015 Order. *Id.* ¶ 127. Plaintiff alleges that (1) the EEOC "did not have the authority to

---

[2] Plaintiff refers to her 2011 Complaint as her "Former 2011 Complaint" because she attempted to attach its claims to her amended 2007 Complaint, which caused, she argues, the 2011 Complaint to "cease[ ] to exist as an independent complaint." *Id.* ¶ 78.

6

dismiss the plaintiff's Former 2011 Complaint based on 29 C.F.R. § 1614.107(a)(8)[3] and its implementing guidance," *id.* ¶ 132; (2) Section 1614.107(a)(8) "is not a procedural rule authorized by Title VII," but a "substantive interpretation of the Title VII prohibition on retaliation," *id.* ¶¶ 129-30; and (3) Section 1614.107(a)(8) "is an incorrect interpretation of the Title VII prohibition on retaliation," *id.* ¶ 131. As to Count Three, Plaintiff seeks (1) a declaration that the EEOC lacked "the authority to promulgate 29 C.F.R. § 1614.107(a)(8) and its implementing guidance," *id.* at 30, VI.G, and (2) "an order reinstating the . . . Former 2011 Complaint," *id.* at VI.H.

Defendants raise a host of reasons why the court should dismiss Plaintiff's claims. First, Defendants argue that the court lacks subject matter jurisdiction to review any of the counts. Mot. to Dismiss at 9-11. Because Title VII is the exclusive mechanism for asserting discrimination claims against federal employers, Defendants contend, the APA does not provide a waiver of sovereign immunity to bring suit against Defendants. *Id.* Second, Defendants assert that Plaintiff has failed to state any claims because "no cause of action against the EEOC exists for challenges to its processing of a claim." *Id.* at 19 (quoting *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997). Third, regarding Counts Two and Three, Defendants argue that Plaintiff lacks standing to advance those claims. *Id.* at 12-13, 17-18. And, finally, as to Count Two only, Defendants argue that the court lacks subject matter jurisdiction because, in that count, Plaintiff challenges an unreviewable discretionary EEOC regulation. *Id.* at 13-16. The court does not evaluate all of these arguments because it concludes that Plaintiff lacks standing to assert all of her claims.

---

[3] 29 C.F.R. § 1614.107(a)(8) provides that the EEOC "shall dismiss an entire complaint . . . [t]hat alleges dissatisfaction with the processing of a previously filed complaint."

### III.     LEGAL STANDARDS

Defendants have moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Although Plaintiff is a lawyer with litigation experience, Compl. ¶ 24, because she is proceeding *pro se* in this matter, the court reviews her Complaint under "less stringent standards" than if she were represented by counsel.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).  *See Koch v. White*, 35 F. Supp. 3d 37, 39-40 (D.D.C. 2014) (reviewing pleading of *pro se* litigant under less stringent standards even though he was a lawyer).

#### A.     Motion to Dismiss under Rule 12(b)(1)

On a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1), a federal court must presume that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (citation and internal quotation marks omitted).  The burden of demonstrating the contrary, including establishing the elements of standing, "rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  That party must demonstrate standing "for each claim" and "for each form of relief sought," *DaimlerChrysler*, 547 U.S. at 352 (citation and internal quotation marks omitted).

In evaluating a Rule 12(b)(1) motion, a court has broad discretion to consider relevant and competent evidence—including materials outside the pleadings.  *Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs*, 873 F. Supp. 2d 363, 368 (D.D.C. 2012) (citing 5B Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 1350, 159-98 (3d ed. 2004)).  The court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  *Brown v. District of Columbia,* 514 F.3d 1279, 1283 (D.C. Cir. 2008).  It

need not, however, accept as true "inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao,* 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Moreover, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under . . . Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)).

### B. Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

Similar to a court's review of a Rule 12(b)(1) motion, when evaluating a motion to dismiss under Rule 12(b)(6), the court also must accept a plaintiff's "factual allegations . . . as true," *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 67 (D.C. Cir. 2015), and "construe the complaint 'in

favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). The court need not accept as true, however, "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## IV. DISCUSSION

Because standing is a "'threshold jurisdictional question,'" the court must address it first. *Holistic Candlers & Consumers Ass'n v. FDA*, 664 F.3d 940, 943 (D.C. Cir. 2012) (quoting *Byrd v. EPA*, 174 F.3d 239, 243 (D.C. Cir. 1999)). An essential element of standing is that the plaintiff must have suffered an "injury-in-fact." *Lujan*, 504 U.S. at 560. An injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (citation and internal quotation marks omitted). Moreover, where, as here, a plaintiff seeks prospective declaratory or injunctive relief, allegations of past harms are insufficient. *Id.* at 564 (citation omitted). Rather, when such relief is sought, a plaintiff must show she "is suffering an ongoing injury or faces an immediate threat of future injury." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011).

Plaintiff must establish standing for each of her claims. *See DaimlerChrysler*, 547 U.S. at 335. Because Defendants have expressly sought dismissal for lack of standing as to Counts Two and Three, the court addresses those arguments first. The court considers Plaintiff's standing as to Count One *sua sponte* and will discuss it last.

### A. Count Two

The court agrees with Defendants that, as to Count Two, Plaintiff has failed to allege a cognizable injury-in-fact sufficient to establish standing. Under Count Two, Plaintiff alleges that she "is injured by the EEOC's failure to comply with its regulation on the processing of her petition to enforce." Compl. ¶ 117. But the nature of Plaintiff's claimed injury is neither concrete nor particularized. *See* Pl.'s Revised Opp'n to Defs.' Mot. to Dismiss, ECF No. 11 [hereinafter Pl.'s Opp'n], at 28 ("A ruling on the plaintiff's July 2013 Petition for Enforcement would resolve the plaintiff's 2011 Complaint."). In its November 2012 Order, the EEOC found that "the record is insufficient to allow a determination of the merits of" Plaintiff's 2007 Complaint and remanded the "matter for a supplemental investigation." *Harrigan*, 2012 WL 59957550, at *5-6. HUD completed the ordered supplemental investigation, albeit belatedly, eleven months later. *Compare id.* at *6 (ordering completion within 120 days) *with* Mot. to Dismiss, Ex. A (notification of completion of supplemental investigation dated October 23, 2013). Plaintiff then elected to participate in a hearing at which the supplemental investigation's findings would be considered. Mot. to Dismiss, Ex. B. Thus, Plaintiff finds herself today exactly where an order from this court requiring the EEOC to enforce the November 2012 Order would put her—with a completed supplemental investigation and an opportunity to have her discrimination claims adjudicated at a hearing.

To the extent that Plaintiff contends that the EEOC's non-consideration of her Petition for Enforcement denied her a default judgment on her 2007 Complaint, *see* Compl. ¶ 121(b), such claimed injury is entirely speculative. Plaintiff does not allege that the EEOC's internal policies *required* the agency to enter a default judgment on her 2007 Complaint as a result of HUD's delay in completing the supplemental investigation. *See id.* ¶¶ 85-86 (alleging only that default "was an

appropriate sanction" based on various factors). Consequently, the most that Plaintiff can assert is that the EEOC *might have* entered a default judgment in her favor had it considered her Petition for Enforcement. Such an allegation, however, is simply too conjectural to support an injury-in-fact for purposes of standing. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of [Article] III. A threatened injury must be 'certainly impending' to constitute injury-in-fact." (citation and internal quotation marks omitted)); *see also United Transp. Union v. Interstate Commerce Comm'n*, 891 F.2d 908, 912 (D.C. Cir. 1989) ("When considering any chain of allegations for standing purposes, we may reject as overly speculative those links which are predictions of future events[.]"); *Case New Holland, Inc. v. EEOC*, No. 13-cv-01176, 2014 WL 6679884, at *3 (D.D.C. Oct. 17, 2014). The court therefore dismisses Count Two for lack of standing.

    **B.**    **Count Three**

For similar reasons, the court must dismiss Count Three—which challenges the EEOC's January 2015 Order—for lack of standing. The January 2015 Order vacated HUD's dismissal of the 2011 Complaint and remanded the complaint to the agency for further proceedings. Mot. to Dismiss, Ex. D at 5 n.1. As to that claim, Plaintiff's allegations are narrow. She contends that, pursuant to 29 C.F.R. § 1614.107(a)(8), the EEOC improperly "dismissed" those aspects of her 2011 Complaint that "express[ed] dissatisfaction with the processing of a previously filed complaint." Compl. ¶ 132.

Plaintiff, however, mischaracterizes the effect of the January 2015 Order. The EEOC did not, as Plaintiff claims, "dismiss" those aspects of her 2011 Complaint expressing dissatisfaction with how her prior complaints were processed. Rather, the EEOC ruled, in a closing footnote, that "such dissatisfaction [with earlier complaint processing] must be raised within the underlying

complaint, and not as a separate complaint." Mot. to Dismiss, Ex. D at 4 n.1. Plaintiff therefore suffered no injury as a result of a "dismissal" of her 2011 Complaint, as she claims. Rather, the EEOC simply directed her to raise her concerns about how HUD processed her earlier complaints in those underlying proceedings. That does not constitute an injury-in-fact sufficient to establish standing.

Plaintiff also alleges that "[s]ince all of the 'matters' in the Former 2011 Complaint 'can be construed as dissatisfaction' with the processing of the Former 2007 Complaint, the footnote [in the January 2015 Order] requires the dismissal of the Former 2011 Complaint and the dismissal of all claims for retaliation." Compl. ¶ 102. Plaintiff seems to be predicting that, on remand, HUD will treat her 2011 Complaint as premised in its entirety on "dissatisfaction" with prior complaint processing and thus lead to a dismissal by HUD. In her Opposition brief, Plaintiff asserts that her "knowledge that HUD will 'dispose of her 2011 Complaint' is not speculative," but is based on eight years of experience with HUD's EEO office and the fact that HUD "has never found that a HUD employee was the victim of discrimination or retaliation." Pl.'s Opp'n at 28.

Plaintiff cannot, however, establish standing based on the mere supposition that HUD will rule against her on remand. *See United Transp. Union*, 891 F.2d at 912. HUD might rule against her on remand or it might not—that determination cannot be made at this time. And even if HUD were to rule against her, it might do so, for example, because it construes her 2011 Complaint as advancing only dissatisfaction claims, or for some other reason altogether. What Plaintiff speculates might transpire in the future does not confer standing on her in the present. Thus, as with Count Two, the court must dismiss Count Three for lack of standing.

### C. Count One

Unlike Counts Two and Three, Defendants have not argued that Plaintiff lacks standing to bring Count One. Nevertheless, where there is doubt about a party's constitutional standing, the court must resolve it *sua sponte*. *See Ege v. Dep't of Homeland Sec.*, 784 F.3d 791, 794 (D.C. Cir. 2015); *Lee's Summit, Mo. v. Surface Transp. Bd.*, 231 F.3d 39, 41 (D.C. Cir. 2000). Here, the court concludes that Plaintiff also lacks standing as to Count One.

Count One concerns the 2010 Complaint, which alleged that HUD "subjected [Plaintiff] to discrimination based on reprisal for prior protected EEO activity," namely, her submission of various FOIA requests. *Harrigan*, 2012 WL 5995750, at *3. The EEOC affirmed dismissal of that complaint on the ground that (1) it "does not have jurisdiction over the processing of FOIA requests," and (2) under the EEOC Compliance Manual, "FOIA requests are not classified as participation in EEO activity or opposition to discrimination." *Id.* at *5. Plaintiff asks the court first, for a "declaration that the EEOC did not [have] the authority to issue guidance that requires dismissal of complaints that mention compliance with FOIA," and second, for "an order reinstating plaintiff's 2010 Complaint." Compl. at 30, VI.C & VI.D.

The court first addresses Plaintiff's request for a declaration invalidating the EEOC policy that caused the EEOC to affirm the dismissal of her 2010 Complaint. For purposes of standing, when a plaintiff asks for such prospective relief, she must demonstrate that she is "'realistically threatened by a repetition of h[er] experience.'" *Haase v. Sessions*, 835 F.2d 902, 910-11 (D.C. Cir. 1987) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)); *see also Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 91 (D.D.C. 2013) (stating that the *Lyons* standard applies "[w]hen a plaintiff seeks injunctive or declaratory relief specifically for the purpose of challenging an alleged policy or practice of a government agency"); *Citizens for Responsibility & Ethics v.*

*Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 105 (D.D.C. 2007) (applying *Lyons* "[w]hen a party seeks prospective relief, such as a declaratory order invalidating an agency policy"). To allege a realistic threat of repetition, a plaintiff must put forth "more than a nebulous assertion of the existence of a 'policy.'" *Haase*, 835 F.2dd at 911. The plaintiff also must show that she is "likely to be subject to the policy again." *Id.* Moreover, the threat of repetition must be "sufficiently 'real and immediate,'" or stated differently, it must be "realistic[ ]." *Id.* (quoting *Golden v. Zwickler*, 394 U.S. 103, 109 (1969), and *Lyons*, 461 U.S. at 109).

Here, Plaintiff has failed to make any factual averment that she is likely to be subject to the challenged EEOC policy again. For instance, she has not alleged that she has a pending administrative complaint before the EEOC or that she intends to file another complaint that would implicate the policy she challenges in this case. Indeed, it seems highly improbable that Plaintiff could even make such an allegation, as she is no longer an employee at HUD. *See* Compl. ¶ 24; *see also Doe v. D.C.*, 706 F. Supp. 2d 128, 133 (D.D.C. 2010) (stating that "there can be no credible threat that the alleged harm in question . . . will again befall [the plaintiff]," and dismissing on standing grounds a challenge to a policy that affected individuals under the age of 18 only, where "[a]t the time this lawsuit was filed, [the plaintiff] was already 18 years old"). Having failed to allege a realistic threat that she will be injured again by the challenged EEOC policy, the court concludes that Plaintiff lacks standing to obtain the declaratory relief she seeks in Count One.

As to Plaintiff's other request for relief under Count One—that the court order the reinstatement of her 2010 Complaint—even if Plaintiff has standing to pursue such limited relief, she has failed to state a claim upon which that relief can be granted for two reasons. First, Plaintiff cannot bring a claim against the EEOC challenging its processing of an administrative complaint. And, second, the APA does not provide a statutory basis for such a challenge.

15

"Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997). Rather, if an individual feels he has been wronged by the EEOC's processing of a complaint, "Title VII . . . allow[s] him to sue his employer directly" in federal court. *Bagenstose v. D.C.*, 503 F. Supp. 2d 247, 256 (D.D.C. 2007) *aff'd sub nom. Bagenstose v. Gov't of D.C.*, No. 07-5293, 2008 WL 2396183 (D.C. Cir. May 27, 2008). Because of the availability of that remedy, "parties suffer no harm if the EEOC conducts an imperfect investigation or inquiry, and consequently have no need to sue the agency for negligence or malfeasance in the processing of claims." *Id.* Plaintiff here has sued the EEOC and its Chair, claiming that they improperly dismissed her discrimination complaint. Because she can file a Title VII claim against HUD in federal court to remedy the alleged harm she has suffered, Plaintiff has failed to state a claim against Defendants.

Furthermore, judicial review under the APA is appropriate only where "there is no other adequate remedy in a court." 5 U.S.C. § 704. Here, as already discussed, Title VII provides for *de novo* review of Plaintiff's discrimination claim in federal court, regardless of the outcome before the EEOC. This "de novo review provides an adequate remedy in a court within the meaning of 5 U.S.C. § 704," thus "precluding an APA challenge to the EEOC's procedures." *Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004); *see also El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005) ("Succinctly put, where a statute affords an opportunity for *de novo* district-court review, the court has held that APA review was precluded because 'Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the review provision] and the APA.'" (quoting *Envtl. Def. Fund v. Reilly*, 909 F.2d 1497,

16

1501 (D.C. Cir. 1990))). Because Plaintiff cannot challenge the EEOC's processing of the 2010 Complaint under the APA, Count One must be dismissed for that additional reason.[4]

## V.  CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion to Dismiss. A separate Order accompanies this Memorandum.

Dated: February 12, 2016

Amit P. Mehta
United States District Judge

---

[4] Even if Plaintiff had standing to pursue her claims under Counts Two and Three, the court also would dismiss those counts because, under *Smith v. Casellas*, she has failed to state a claim and because, under *Wright v. Dominguez*, she cannot rely on the APA to challenge the EEOC's procedures.